UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHANIE CASTILLO, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:20-cv-00243-JAW |
| | ) | |
| GEETA B. BROWN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFFS' MOTION
FOR SERVICE BY PUBLICATION**

Plaintiffs assert various claims arising out of a nurse education program operated by the defendants. The matter is before the Court on Plaintiffs' motion for leave to serve process on Defendant Geeta Brown by publication. (Motion, ECF No. 9.)

Following a review of the record and after consideration of Plaintiffs' argument, the Court grants the motion and authorizes service by alternate means.

**FACTUAL BACKGROUND**

Defendant Brown (Defendant or Defendant Brown) is believed to reside in Northridge, California. She is a defendant in a separate action in this Court, *Acosta v. Inter-Coast International Career Training, Inc., et al.*, No. 2:20-cv-00135-JAW. In that action, in July 2020, counsel in California accepted service of process, through a waiver form, on Defendant's behalf. Counsel has not accepted service in this case.

Plaintiffs enlisted the services of a California process server to serve Defendant Brown. On the process server's first two attempts to serve Defendant at the Northridge

address, no one answered the door. On the server's third attempt, a male answered the door and when the server asked for Defendant, the individual said he would "go check" to see if she resided there. He returned and said she does not live at that address, and he asked about the source of the documents the server wanted to deliver to Defendant Brown.

Plaintiffs contend that service by publication is appropriate because Plaintiffs have made a good faith effort to serve Defendant Brown in California, Plaintiffs have no other reasonable means to serve Defendant, and Defendant Brown is likely aware of this action.

## DISCUSSION

Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1). The Advisory Committee Note that accompanied the 2010 Amendment states in part: "Before a party can obtain an order allowing service by any alternate means, that party must first demonstrate that he or she has exhausted all reasonable attempts to make service in one of the other ways prescribed by Rule 4 (or by

2

applicable statute) that are designed to provide actual notice of the action to the party to be served." M.R. Civ. P. 4 Advisory Committee Note, 2010 Amendment.

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternative means, such as by publication, must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

Here, Plaintiffs have demonstrated their diligence in their efforts to serve Defendant Brown by customary methods, have demonstrated that their efforts have been unsuccessful, and have demonstrated that further similar efforts are unlikely to be successful. After counsel did not accept service for Defendant Brown, Plaintiffs incurred the time and expense of attempting to serve Defendant Brown in hand with process. Unless Plaintiffs have an incorrect address for Defendant, the record suggests that Defendant Brown might be avoiding service. The record also lacks any evidence of an alternative address for

Defendant. The issue is whether the alternate service proposed by Plaintiffs (i.e., by publication) is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627. For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)]. Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)]. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

4

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

The law, however, recognizes that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). When service by publication is authorized, it is generally authorized in combination with other means of making service. *Mullane*, 339 U.S. at 316 ("It is true that publication traditionally has been acceptable as notification supplemental to other action which in itself may reasonably be expected to convey a warning.").

The Court, therefore, will authorize Plaintiffs to serve Defendant Brown (1) by publication in accordance with the order for service of the same date as this order, (2) by leaving a copy of the complaint, summons and the order for service at the Northridge, California, address Plaintiffs have for Defendant, (3) by mailing a copy of the complaint, summons and order for service to Defendant at said addresses, and (4) by sending by mail and email a copy of the complaint, this order, and the order for service to William M. Ojile, Jr., and James B. Haddow, Defendant's counsel of record in *Acosta v. Inter-Coast International Career Training, Inc., et al.*, No. 2:20-cv-00135-JAW.

---

[1] As early as 1950, the United States Supreme Court expressed doubts about the sufficiency of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiffs' motion for service by publication (i.e., service by alternate means). Plaintiffs may serve Defendant Brown (1) by publication in accordance with the order for service of the same date as this order, (2) by leaving a copy of the complaint, summons, and the order for service at the Northridge, California, address Plaintiffs have for Defendant, (3) by mailing a copy of the complaint, summons and order for service to Defendant at said addresses, and (4) by sending by mail and email a copy of the complaint, this order, and the order for service to William M. Ojile, Jr., and James B. Haddow, Defendant's counsel of record in *Acosta v. Inter-Coast International Career Training, Inc., et al.*, No. 2:20-cv-00135-JAW.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of November, 2020.