UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHANIE CASTILLO, CARIDAD JEAN BAPTISTE, CATHY MANDE, and CATHERINE VALLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEETA B. BROWN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 2:20-cv-00243-JAW<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO DISMISS**

In this purported class action, the settlement of the claims of the representative plaintiffs before class certification renders this Court without jurisdiction, and the Court therefore dismisses the case with prejudice as to the representative plaintiffs and without prejudice as to the unknown potential members of the class. The Court declines to resolve a dispute between the parties concerning the appropriate distribution of the monies held in an attorney trust account because the Court does not have continued jurisdiction over the dismissed case.

**I.   BACKGROUND**

This unusual motion to dismiss represents the denouement of the complicated story of a for-profit nursing school for Licensed Practice Nurses (LPN) that did business for a time in Kittery and South Portland, Maine. InterCoast Career Learning Institute, whose president was Geeta B. Brown, operated the

nursing schools, which spawned substantial litigation about whether the LPN programs lived up to their educational promises. Including this case, this Judge has presided over seven civil actions against InterCoast: *Mason v. InterCoast Career Institute*, No. 2:14-cv-00277-JAW, *Perez-Webber v. InterCoast Career Institute*, No. 2:16-cv-00196-JAW, *Kourembanas v. InterCoast Colleges*, No. 2:16-cv-369-JAW, *Kourembanas v. InterCoast Colleges*, No. 2:17-cv-00331-JAW, *Klar v. InterCoast Career Institute*, No. 2:17-cv-00388-JAW, and *Acosta v. Inter-Coast International Career Training, Inc.*, No. 2:20-cv-00135-JAW. Chief Judge Jon D. Levy is still presiding over an action by Philadelphia Indemnity Company against InterCoast International Trading, Inc., Ms. Brown, and several other persons. *Philadelphia Indemnity Company v. InterCoast Career Institute,* No. 20-cv-00085-JDL. As President of InterCoast, Geeta B. Brown has been a defendant in several of these lawsuits.

This action, *Stephanie Castillo v. Geeta B. Brown*, was filed on July 10, 2020 as a class action with four representative plaintiffs: Stephanie Castillo, Caridad Jean Baptiste, Cathy Mande, and Catherine Valley. *Compl.* ¶ 1 (ECF No. 1) ("All plaintiffs on their own behalves and as representatives of a class consisting of former practical ("LPN") nursing students who were enrolled in InterCoast Career Institute in Kittery or South Portland, Maine"). The parties commenced discovery and on December 17, 2021, the parties filed a joint motion asking for an extension of time to complete settlement. *Jt. Mot. for Extension of Time to File Mot. to Approve Settlement and Req. for Status Conf.* (ECF No. 34). In this motion, the parties

explained that this action is closely related to *Kourembanas v. InterCoast Colleges*, No. 2:17-cv-00331-JAW and *Philadelphia Indemnity Company v. InterCoast Career Institute,* No. 20-cv-00085-JDL. *Id.* at 1. They represented that on September 21, 2021, they had arrived at a "global settlement" of all three cases. *Id.*

As further background, although entitled *Kourembanas v. InterCoast Colleges*, No. 2:17-cv-00331-JAW, the *Kourembanas* action against InterCoast involved the same four representative plaintiffs and was a class action against InterCoast. Stephanie Castillo is the now married name of the former Stephanie Kourembanas. *See Kourembanas, Pls.' Unopposed Mot. to Dismiss* at 2, n.3 (ECF Nos. 70). In *Kourembanas*, the Court had reluctantly ruled that the mandatory arbitration provision of the InterCoast contract with its students was effective, and the Court stayed the action to allow the parties to proceed with arbitration. *Kourembanas, Order on Mot. to Compel and to Dismiss* (ECF Nos. 36, 44). There was a separate arbitration proceeding and, according to Ms. Brown, each of the representative plaintiffs in this case settled all their claims against InterCoast and Ms. Brown during the arbitration proceeding. *Ms. Brown's Mot. to Dismiss for Lack of Subject Matter Juris. Under Rule 12(b)(1)* at 1 (ECF No. 57) (*Def.'s Mot. to Dismiss*).

Separately, the parties to all three actions availed themselves of the masterful mediation abilities of United States Magistrate Judge John C. Nivison, who orchestrated a global settlement with the parties' assistance. On July 15, 2022, the Plaintiffs in *Kourembanas* moved to dismiss their class action against

3

InterCoast. *Kourembanas, Pls.' Unopposed Mot. to Dismiss* (ECF Nos. 70) (*Kourembanas Mot. to Dismiss*). Consistent with the unopposed motion, on July 18, 2022, the Court issued an order and entered judgment in accordance with a proposed order, dismissing the *Kourembanas* action with prejudice as to forty-eight named individuals and without prejudice as to any unnamed persons. *Order on Pls.' Unopposed Mot. to Dismiss* (ECF No. 71); *J.* (ECF No. 72).

In the July 15, 2022 motion to dismiss, the Plaintiffs represented that they had arrived at a global settlement, including not only *Kourembanas* but *Castillo* and *Philadelphia Indemnity* as well. *Kourembanas Mot. to Dismiss* at 3. For reasons not apparent on the docket, the final resolution of *Castillo* has been delayed. The *Philadelphia Indemnity* resolution has also been delayed, but it seems that the resolution of that case depends upon the resolution of *Kourembanas* and *Castillo*. *See Philadelphia Indemnity*, *Pl. Philadelphia Indemnity Ins. Co.'s Mot. to Extend Time to Complete Settlement and File Stip. of Dismissal to Feb. 28, 2022* at 1 (ECF No. 72).

The docket is mostly silent about why the *Castillo* case has remained pending despite the July 15, 2022 representation that it had been resolved. There are periodic references to ongoing conferences with Magistrate Judge Nivison. Finally, on March 16, 2023, Geeta Brown filed a motion to dismiss the *Castillo* class action lawsuit. *Mot. to Dismiss* at 1-6. On April 14, 2023, the *Castillo* Plaintiffs filed a partial opposition. *Pls.' Partial Opp'n to Def.'s Mot. to Dismiss for Lack of Subject Matter Juris.* (ECF No. 58) (*Pls.' Partial Opp'n*). On May 1, 2023, Ms. Brown filed

4

her reply.  *Ms. Brown's Reply Mem. in Support of Mot. to Dismiss* (ECF No. 59) (*Def.'s Reply*).

## II. THE PARTIES' POSITIONS

### A. The Defendant's Motion to Dismiss

Ms. Brown's position is that the four representative plaintiffs in the *Castillo* action settled their claims not only against InterCoast but also against Ms. Brown, and as there has been class certification in *Castillo*, there is no subject matter jurisdiction since none of the representative plaintiffs has a personal stake in the litigation. *Def.'s Mot. to Dismiss* at 1. Ms. Brown attached to the motion to dismiss four settlement agreements signed by each of the representative plaintiffs releasing InterCoast and Ms. Brown. *Id.* Attachs. 2-5, *Confidential Settlement Agreement and Release* (*Settlement Agreements*).  The Confidential Settlement Agreements refer specifically to the *Castillo* litigation and Ms. Brown contends that as the representative plaintiffs have reached settlement agreements and as there has been no class certification and no application for class certification, the *Castillo* action is now moot and must be dismissed. *Id.* at 1-6.  For relief, Ms. Brown demands more than dismissal; she asks that the Court order a return of funds to her law firm:

> For the foregoing reasons, Defendant Geeta Brown respectfully requests that this Court enter an order: . . . 2. Directing class counsel to return to Petrucelli, Martin & Haddow, LLP the funds previously allocated to the parties to the settlement of this action, which equal One Hundred Thirty-Three Thousand Three Hundred Eighty-Two Dollars ($133,382), which are currently held in Murray, Plumb, and Murray's client trust account.

*Id.* at 6.

5

### B. The Plaintiffs' Partial Opposition

The Plaintiffs partially oppose Ms. Brown's motion to dismiss for two reasons. *Pls.' Opp'n* at 1. First, the Plaintiffs argue that a motion to dismiss under Rule 12(b)(1) must be made before the filing of a responsive pleading and is therefore untimely; and second, they object to Ms. Brown's attorney's fee demand and state that it is beyond the authority of this Court to issue such an order because it lacks jurisdiction to enforce the terms of the settlement agreement under *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1984). *Id.* at 1-2. However, assuming the Court does not grant the motion for return of fees, the Plaintiffs "consent to the relief sought by the Defendant's motion to the extent it seeks dismissal of the Complaint (ECF No. 1) without prejudice due to the undisputed fact that the named plaintiffs have resolved their respective disputes with both Intercoast and Ms. Brown, leaving the Court with no justiciable case and no subject matter jurisdiction." *Id.* at 2-3.

Turning back to the claim for attorney's fees, the Plaintiffs claim that they have already returned to Petrucelli, Martin & Haddow, LLP, $103,000, "the precise amount allocated to settle the claims of all putative claim members," leaving $30,382 in dispute. *Id.* at 2. The Plaintiffs say that they made the distributions in accordance with the terms of the settlement agreement between the parties and what they claim is the "Defendant's subsequent breach of the portion of that agreement covering this action." *Id.* The Plaintiffs maintain that it is beyond the

authority of this Court to resolve this dispute because the Court lacks jurisdiction to enforce the terms of the settlement agreement under *Kokkonen*.

### C. The Defendant's Reply

First, Ms. Brown dismisses the Plaintiffs' contention that the Court may not rule on its own subject matter jurisdiction. *Def.'s Reply* at 1, n.1. She says it is hornbook law that subject matter jurisdiction may be raised at any time, even after trial. *Id.*

Ms. Brown explains that her demand for return of fees came about when she sent money to Murray, Plumb & Murray to be held in its trust account pending resolution of the case. *Id.* at 2-3. Now that the case has been settled, Ms. Brown implies that she is entitled to those moneys not expended in the settlement, which she says Murray, Plumb & Murray are now falsely claiming represent class counsel attorney's fees. *Id.* at 2-3. She emphasizes that no settlement agreement addresses these monies and therefore denies that she is asking the Court to enforce a settlement agreement. *Id.* at 3. Ms. Brown cites the Maine Rules of Professional Conduct to assert that the Court has the inherent authority to enforce Murray, Plumb & Murray's professional obligation not to retain funds not belonging to the law firm. *Id.* at 3-4 (citing ME. R. PROF. CONDUCT § 1.15(d)). Finally, Ms. Brown maintains that the Court has the authority to enforce the Rules of Professional Responsibility on offending attorneys. *Id.* at 6-7.

## III. DISCUSSION

### A. The Motion to Dismiss

7

The parties agree that with the settlement of their claims against both InterCoast and Ms. Brown, the representative plaintiffs in the *Castillo* action may not proceed with the class action and that there has been neither a motion for class certification nor a class certification.  The parties agree that the Court has no subject matter jurisdiction, and the Court agrees that under *United States v. Sanchez Gomez*, 138 S. Ct. 1532 (2018), it should grant the motion to dismiss the *Castillo* complaint.  *Id.* at 1538 ("Normally a class action would be moot if no named class representative with an unexpired claim remained at the time of class certification").  As in *Kourembanas*, the Court concludes that it should dismiss the complaint with prejudice as to the named plaintiffs and without prejudice as to unnamed potential class members.

The Court rejects the Plaintiffs' contention that subject matter jurisdiction may not be raised now. *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors*, 850 F.2d 803, 813 ("Th[e] rule holds that the *absence* of subject matter jurisdiction can be raised at any time in the litigation, regardless of waiver or stipulation") (emphasis in original).

B.  **The Attorney's Trust Account Issue**

The Court is perplexed about the attorney's trust account issue.  First, this issue comes from out of the blue.  The initial demand in the motion to dismiss was made without any explanation. *Def.'s Mot.* at 6.  After the Plaintiffs objected, the Defendant gave her version of the underpinnings of the dispute. *Def.'s Reply* at 2-7.  Whatever else may be said about the controversy, the parties do not agree that the

funds in the trust account belong to Petrucelli, Martin & Haddow, LLP or to Murray, Plumb & Murray, or even the proper amount of the funds in dispute.

The Court disagrees with Ms. Brown that the dispute between Ms. Brown and the Plaintiffs is unrelated to the settlement agreement in this case. The settlement agreement signed by the parties in June 2022 expressly provides that InterCoast, Geeta Brown and others were required to pay $1,490,556 into the Murray, Plumb & Murray trust account for distribution. *Settlement Agreement* at 3. The agreement provides that various amounts, ranging from $36,155 to $13,206, were payable to the four representative plaintiffs "after all applicable legal fees and costs are allocated for Releasor's counsel." *Id*. After the *Kourembanas* case and the AAA arbitration were dismissed, Murray, Plumb & Murray was required to make the distributions to the representative plaintiffs with the parties assuming "their own costs and expenses, including attorney's fees and costs incurred in connection with the Litigation and Arbitrations." *Id*. at 4. Based on this language, the conclusion is compelled that the disputed $133,382 is grounded on whether Murray, Plumb & Murray has complied with the terms of the settlement agreement or has improperly retained amounts paid under the settlement agreement.

With this determination, the United States Supreme Court decision in *Kokkonen* controls whether this Court retains jurisdiction to resolve this dispute. This Court concludes that *Kokkonen* does not allow it to maintain jurisdiction to enforce the terms of a settlement agreement, which is a contractual dispute.

> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier

9

> federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.

511 U.S. at 397-98. *Kokkonen* is still good law. As the Supreme Court explained in 2013, in *Kansas v. Nebraska*, No. 126, 2013 U.S. LEXIS 9153 (2013), "[w]ere this an action between two private parties in a United States District Court, a determination that the facts alleged gave rise at most to a claim for breach of a settlement agreement rather than violation of a court decree would require that there be an independent basis for jurisdiction for a new action, rather than piggybacking on the jurisdiction of the prior dismissed action." *Id.* at *116.

The *Kokkonen* holding offers two potential, interrelated bases for a federal court to retain jurisdiction and resolve a dispute arising out of a settlement agreement. First, a district court may retain jurisdiction to enforce a settlement agreement by expressly incorporating that agreement into the judgment. *Cólon Torres v. Negrón Fernández*, 997 F.3d 63, 70 (1st Cir. 2021). Next, a judgment may order something done, such as a payment, which is the source of the dispute, and the court retains the jurisdiction to enforce its own orders. *Id.*

Neither applies here. The *Kourembanas* judgment does not reserve this court's jurisdiction to resolve this dispute, and the judgment does not allow this Court to intervene in this dispute to enforce its terms. *Kourembanas, J.* (ECF No. 72).

This leads to whether the current state of this case, which is still for the moment pending, allows the Court to resolve this dispute. The Court thinks not. The reason is that the basis of the Defendant's motion is that the Court no longer has jurisdiction over the claim. As the Court agrees with the parties, including the Defendant, that it no longer has jurisdiction to resolve the underlying controversy between the parties, it follows that it no longer retains jurisdiction to resolve a dispute ancillary to the underlying controversy.

## IV.   CONCLUSION

The Court GRANTS Ms. Brown's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) (ECF No. 57) with prejudice as to the four representative plaintiffs and without prejudice as to unknown members of the uncertified class.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2023